UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05CV-P399-H

STEVE E. MARTIN                                                                                          PLAINTIFF

v.

DR. DOUGLAS CRALL *et al.*                                                                        DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' motions for summary judgment (DNs 64 & 66).  Plaintiff filed a response (DN 132), and Defendants filed no reply.  This matter is ripe for consideration.

In their motions, Defendants argue that Plaintiff failed to exhaust his administrative remedies prior to filing this action because he failed to allege and show in his complaint that he exhausted his administrative remedies concerning all Defendants for denial and delay of medical care.  Relying on Sixth Circuit precedent, Defendants contend that Plaintiff failed to demonstrate that he exhausted his claims against Defendants Seabold, Taylor, Mugavin, and Iweimrin because he failed to reference those four Defendants and their alleged involvement in the denial or delay of Plaintiff's medical care in the first stage of any of the attached or described grievances in the complaint.  They continue that because Plaintiff failed to demonstrate exhaustion of all of his claims against all Defendants, the complaint must be dismissed under the Sixth Circuit's total-exhaustion rule.

Recently, however, and after Defendants filed their dispositive motions, a unanimous Supreme Court rejected the Sixth Circuit precedent on which Defendants rely to support their

proposition that Plaintiff failed to demonstrate exhaustion. Specifically, in *Jones v. Bock*, -- U.S. -- ,127 S. Ct. 910, 2007 WL 135890 (U.S. Jan. 22, 2007), the Supreme Court held (1) "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints"; (2) that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances"; and (3) that, in a mixed complaint situation, a court should not dismiss the complaint in its entirety but should proceed with the exhausted claims and dismiss the unexhausted ones. *Id.*

Because Defendants are clearly relying on newly abrogated Sixth Circuit case law in support of their motions for summary judgment, **IT IS ORDERED** that those motions (DNs 64 & 66) are **DENIED**.

In denying these motions, the Court clarifies that it is not concluding that Plaintiff has properly exhausted all of his claims. Rather, the Court is merely concluding that Defendants may not rely solely on Plaintiff's failure to plead and prove exhaustion in his complaint. Defendants may reassert their arguments as part of a properly supported motion for summary judgment at any time.

Date:

cc:   Plaintiff, *pro se*
      Counsel of Record
4412.005