UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-P399-H

STEVE E. MARTIN                                                                                  PLAINTIFF

V.

DR. DOUGLAS CRALL, et al.                                                                     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendant, Salvatore Iweimrin, has moved for summary judgment on Plaintiff's claims under § 1983 for deliberate indifference to a serious medical condition and intentional infliction of emotional distress. In a Memorandum Opinion and an Order within the last month this Court sustained a summary judgment motion on behalf of six (6) other Defendants. However, the same result is not necessarily true here.

Defendant was a prison official at the time Plaintiff's medical controversy arose. He was not in charge of medical care directly or indirectly. His sole role was as a member and chair of the prison's Health Care Grievance Committee which received, considered and ruled upon inmate medical complaints. The committee was established to provide an administrative review of medical complaints prior to the commencement of a federal § 1983 action.

Plaintiff's sole complaint against Defendant arises from his participation on the Health Care Grievance Committee. The Sixth Circuit has held that an official whose only "action involve(s) the denial of administrative grievances or the failure to act," as alleged here, is not liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). This is so because

liability under § 1983 is almost always based upon active unconstitutional conduct, rather than merely the failure to act. *Id.*, citing *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998).

Based upon this authority and based upon the absence of any evidence that Defendant's participation in an administrative denial of a claim constitutes an intentional or deliberate indifference to a serious medical condition, the Court must conclude that Plaintiff cannot successfully pursue a § 1983 claim against this Defendant.

For the same reasons set forth in the Court's previous Memorandum, the evidence will not sustain a state law claim of intentional infliction of emotional distress against this Defendant.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion for summary judgment is SUSTAINED and the claims against Defendant are DISMISSED WITH PREJUDICE.

Claims remain against several other Defendants. This is not a final order.

cc: Plaintiff, *Pro Se*
    Counsel of Record